DeWITT L. ROBERTS, Plaintiff in Error, *vs.* THE BERWYN PARK DISTRICT, Defendant in Error.

*Opinion filed February 18, 1926.*

PARKS—*act of 1907 for enlarging parks does not apply to district organized under the act of 1895.* The act of March 4, 1907, (Laws of 1907, p. 427,) "to enable park commissioners to enlarge the park systems under their control by acquiring and improving additional lands," does not apply to a park district organized under the act of June 24, 1895, (Laws of 1895, p. 272,) and cannot be relied upon to authorize the issue of bonds in such district in excess of three per cent of the taxable property in the district.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding.

EDWARD M. BURKE, for plaintiff in error.

LOUIS W. McINTYRE, (SCHUYLER, ETTELSON & WEINFELD, of counsel,) for defendant in error.

Mr. JUSTICE DeYOUNG delivered the opinion of the court:

DeWitt L. Roberts on April 20, 1925, filed his bill in the superior court of Cook county against the Berwyn Park District, in which, as amended, he alleges that the district

is a municipal corporation organized by virtue of "An act to provide for the organization of park districts and the transfer of submerged lands to those bordering on navigable bodies of water," approved June 24, 1895; (Laws of 1895, p. 272;) that by the act the park district is authorized to issue its bonds, not exceeding in the aggregate, including existing indebtedness, three per cent of the value of the taxable property in the district as ascertained by the last assessment for State and county taxes; that on December 1, 1923, the district issued its bonds in the sum of $47,000; that on March 5, 1925, the district passed an ordinance to enlarge the park system and to acquire certain additional lands for that purpose; that on the same day another ordinance was passed which provided for the issuance of bonds in the sum of $35,000, the proceeds to be used to acquire and improve the additional lands sought; that a third ordinance was also passed on the same day, which submitted the proposition to issue the bonds to the legal voters of the district at an election called for that purpose; that at the election, after proper notice, the proposition was carried, the returns canvassed and the result declared; that, with $47,000 in bonds already outstanding, the additional bonds for $35,000 so sought to be issued are two per cent in excess of the maximum limitation fixed by the statute under which the district was created, and that the ordinance authorizing the issuance of the additional bonds is void. The prayer is for an injunction restraining the park district from issuing or disposing of these bonds and from collecting a tax to pay the interest and principal. To the bill as amended the park district interposed a demurrer, which was sustained and the bill was dismissed for want of equity. The complainant prosecutes this writ of error.

By the provisions of the act of June 24, 1895, (Laws of 1895, p. 272,) under which the Berwyn Park District was organized, any one hundred legal voters residing within the limits of a connected area as defined in section 1 may peti-

tion the county judge to cause to be submitted to the legal voters of such territory the question whether they will organize as a park district under the act. The calling of the election, the form of the ballots, the method of conducting the election, the organization of the park district in case a majority of the votes cast favor the proposition, the election of commissioners, their powers and duties and the powers of the district are prescribed. Section 20 empowers any such district to levy and collect a general tax on the property in the district for necessary expenses, for the construction and maintenance of parks, boulevards and other improvements, and for the acquisition and improvement of lands. To pay for land condemned or purchased for parks or boulevards, and for building, maintaining, improving and protecting them and for the expenses incident thereto, the 31st section authorizes the district to issue its bonds, not exceeding in the aggregate, including existing indebtedness, three per cent of the value of the taxable property in the district as ascertained by the last assessment for State and county taxes previous to the issuance of the bonds. Section 34 directs the levy of an annual tax sufficient to pay the interest on the bonds as it falls due and to discharge the principal at maturity.

To sustain the validity of the additional bond issue the defendant in error relies upon "An act to enable park commissioners to enlarge the park systems under their control by acquiring and improving additional lands, and to pay for the acquisition and improvement thereof," approved and in force March 4, 1907. (Laws of 1907, p. 427.) The first section of that act authorizes "the commissioners of every public park district in this State appointed or otherwise selected under and in pursuance of any act or acts of the General Assembly of this State, which has or have been or may be submitted to the legal voters of such park district and by them adopted," to acquire and improve such parcels of land as may in their judgment be necessary to

enlarge any park or parks under their control and to create additional parks. Section 2 empowers the park commissioners, from time to time, to issue and sell interest-bearing bonds, in addition to those authorized by law, for the purpose of obtaining the funds necessary to acquire and improve such parks. The exercise of this power is, however, made subject to the limitation of section 12 of article 9 of the constitution, which provides that no municipal corporation shall be allowed to become indebted, in any manner or for any purpose, to an amount, including existing indebtedness, in the aggregate exceeding five per cent of the value of the taxable property therein, and to the requirement that the proposition to issue such bonds shall be submitted to the legal voters of the district and receive a majority of the votes cast upon the proposition. Authority is granted to the park commissioners issuing such bonds to levy and collect a direct annual tax upon the property within their jurisdiction, in addition to any tax which they are authorized to levy and collect, sufficient to pay the interest on the bonds as it falls due and to discharge the principal within twenty years from the date the bonds are issued.

The question is whether the act of March 4, 1907, authorizes the Berwyn Park District to issue the additional bonds, aggregating $35,000. Plaintiff in error contends that it does not, because (1) the act of March 4, 1907, applies only to commissioners of public park districts appointed or otherwise selected under acts of the General Assembly which are submitted to the legal voters of such park districts and are adopted by them, and since the going into effect of the act of June 24, 1895, by virtue of which the Berwyn Park District was organized, was not conditioned upon the acceptance or approval of the act by the legal voters of that or any other park district, the act of June 24, 1895, is not embraced within the provisions of the act of March 4, 1907; and (2) if the act of March 4, 1907, applies to the act of June 24, 1895, it violates section 13 of article 4 of the

constitution, which prohibits the amendment of any law by reference to its title, only, but requires the insertion at length in the new act of the section amended.

The act of June 24, 1895, became a law of the State on the first day of July of that year. It contained no referendum to the voters of the State, or of any portion of the State, to determine whether it should become effective. Its provisions are not confined to any particular locality but its application is State wide. The legal voters of a defined area, under the conditions prescribed, may, by complying with the provisions of the act, organize a park district, but whether they vote for or against the proposition to create such a district the act continues in force and effect. It may be invoked at any time. The act of March 4, 1907, on the contrary, applies only to the commissioners of public park districts appointed or otherwise selected pursuant to acts of the General Assembly which are submitted to the legal voters of such park districts and are adopted by them. Such acts, to become effective, require not only enactment by the General Assembly and approval by the Governor, but also an affirmative vote of adoption by the legal voters of the proposed district. Formerly, acts for the creation of particular park districts to take effect only after submission to and adoption by the legal voters of such proposed districts at elections called therefor were common. Illustrations of acts of this character are the act creating the West Chicago Park Commissioners, (1 Private Laws of 1869, p. 342,) and the act creating the South Park Commissioners. (1 Private Laws of 1869, p. 358.) Both of these acts were declared to be public acts. (1 Private Laws of 1869, pp. 353, 366.) Each required an election to be held on the question of its adoption, and provided that it would not become effective unless it received a majority of the votes cast at that election.

The act of March 4, 1907, applies only to the commissioners of every public park district appointed or otherwise

selected pursuant to acts of the General Assembly which have been or may be submitted to and adopted by the legal voters of such park districts. The act of June 24, 1895, was not so submitted and adopted. Hence the act of March 4, 1907, does not apply to districts organized under the act of June 24, 1895. The correctness of this conclusion is emphasized by the act approved June 30 and in force July 1, 1925, (Laws of 1925, p. 500,) which amends section 31 of the act of June 24, 1895, to permit an increase of the aggregate indebtedness of a park district organized under that act to five per cent of the value of the taxable property in such district, upon a petition by not less than two per cent of the legal voters requesting such increase and its approval by the voters at an election held on the question. If the act of March 4, 1907, applies to park districts created by virtue of the act of June 24, 1895, that amendment would have been unnecessary.

Since the act of March 4, 1907, cannot be invoked by the defendant in error to sustain the additional bonds it is unnecessary to consider the second contention made by the plaintiff in error. By the demurrer to the amended bill it is admitted that these bonds created an indebtedness wholly in excess of the maximum limitation fixed by the act of June 24, 1895, when the several ordinances described in the bill of complaint were passed and the election approving the issuance of the bonds was held. For that reason the defendant in error had no power to issue the additional bonds and they are necessarily void.

The decree of the superior court is reversed and the cause remanded to that court, with directions to enter a decree in conformity with the prayer of the bill as amended.

*Reversed and remanded, with directions.*